**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KATHLEEN GREEN, | : | CIVIL ACTION NO.: 02-CV-3784-TON |
| Plaintiff, | : | |
| v. | : | |
| TRANSPORTATION TECHNOLOGIES, INC. and WABASH INVESTMENTS, INC. | : | |
| Defendants. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
TRANSPORTATION TECHNOLOGIES, INC. TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

**I.   PRELIMINARY STATEMENT**

1. The averments of paragraph 1 constitute conclusions of law to which no responsive pleading is required. To the extent the averments of this paragraph constitute factual allegations, Defendant Transportation Technologies, Inc. admits that Kathleen Green is a former employee of Defendant Transportation Technologies, Inc., and the remaining averments are denied.

2. Admitted in part and denied in part. Defendant admits Plaintiff seeks to assert claims under Section 510 of the Employment Income and Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 (e) and 1140, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq. The remaining averments are denied.

## II. JURISDICTION AND VENUE

3. The averments of paragraph 3 constitute conclusions of law to which no responsive pleading is required. To the extent the averments of this paragraph constitute factual allegations, Defendant admits that Plaintiff seeks to invoke original jurisdiction and venue in this District, and the remaining averments are denied.

4. The averments of paragraph 4 constitute conclusions of law to which no responsive pleading is required. To the extent the averments of this paragraph constitute factual allegations, Defendant admits that Plaintiff seeks to invoke supplemental jurisdiction for Plaintiff's claims under the PHRA, and the remaining averments are denied.

5. The averments of paragraph 5 constitute conclusions of law to which no responsive pleading is required.

6. Admitted.

## III. PARTIES

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, denies same.

8. Admitted.

9. The averments of paragraph constitute conclusions of law to which no responsive pleading is required.

## IV. STATEMENT OF CLAIMS

10. Admitted in part and denied in part. The averment that Plaintiff was terminated as a result of unlawful employment practices complained of herein constitutes a conclusion of law to which no responsive pleading is required. Defendant admits that Plaintiff

was hired on or about April 10, 2000 and remained employed until September 26, 2000, and any remaining averments are denied.

11. Admitted in part and denied in part. Defendant admits that Plaintiff held the position of senior programmer and earned a salary of approximately $55,000 annually from the beginning of her employment on or about April 10, 2000 until she was demoted soon after Labor Day 2000 to the position of junior programmer in which she was paid a salary of $48,000 annually. The remaining averments are denied.

12. Admitted in part and denied in part. It is admitted that the Plaintiff was informed when she began employment that she and her immediate family would be entitled to full medical coverage as of August 1, 2000 if she had performed her job satisfactorily to that date and continued to be employed as a full-time eligible employee. The remaining averments of this paragraph are denied.

13. Admitted in part and denied in part. Defendant admits that on or about July 10, 2000, Plaintiff informed Defendant's management that her son had been diagnosed with Leukemia. Regarding the remaining averments of this paragraph, the term "various health related ailments" is vague and ambiguous and, therefore, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph and, therefore, denies same.

14. The averments of paragraph 14 constitute conclusions of law to which no responsive pleading is required. To the extent the averments of this paragraph constitute factual allegations, they are denied.

15. Admitted in part and denied in part. Defendant admits that it did not provide Plaintiff and her son with health insurance benefits on or about August 1, 2000. The remaining averments of this paragraph are denied. By way of further answer, Plaintiff and her son were not supplied with health insurance benefits on or about August 1, 2000 because she was not eligible for health benefits as a result of her poor performance which led to her being placed on probation and demoted.

16. Denied as stated. By way of further answer, it is admitted that Plaintiff's probationary status continued as a result of Plaintiff's poor performance and, thus, Plaintiff was ineligible for health benefits as of August 1, 2000. Defendant also denies that Lynn Coy was involved in any decision making regarding Plaintiff's benefits or employment with Defendant.

17. The averments of paragraph 17 constitute conclusions of law to which no responsive pleading is required. To the extent the averments of this paragraph constitute factual allegations, they are denied. By way of further answer, Plaintiff informed Defendant that her son's health insurance needs were being met by his father.

18. The averments of paragraph 18 constitute conclusions of law to which no responsive pleading is required. To the extent the averments of this paragraph constitute factual allegations, they are denied. By way of further answer, Defendant demoted Plaintiff and placed her on probation as a result of Plaintiff's poor performance of her work duties and stated that if she performed adequately through October 1, 2000 in her new position, she would be entitled to health insurance. Defendant specifically denies that it refused to provide coverage for the Plaintiff's son. On the contrary, Plaintiff informed Defendant that Plaintiff

would only need health insurance for herself as a result of her son's health insurance being provided by his father.

19. The averments of paragraph 19 constitute conclusions of law to which no responsive pleading is required. To the extent the averments of this paragraph constitute factual allegations, they are denied. By way of further answer, Defendant admits that Plaintiff was terminated on September 26, 2000 due to Plaintiff's continued inadequate performance.

20. The averments of paragraph 20 constitute conclusions of law to which no responsive pleading is required. To the extent the averments of this paragraph constitute factual allegations, they are denied.

21. The averments of paragraph 21 constitute conclusions of law to which no responsive pleading is required. To the extent the averments of this paragraph constitute factual allegations, they are denied.

## COUNT I

### (ERISA)

### Plaintiff v. Defendant Transportation Technologies, Inc.

22. Defendant hereby incorporates by reference paragraph 1 through 21 inclusive contained in the foregoing Answer as though fully set forth herein.

23. The averments of paragraph 23 constitute conclusions of law to which no responsive pleading is required. To the extent the averments of this paragraph constitute factual allegations, they are denied.

24. The averments of paragraph 24 constitute conclusions of law to which no responsive pleading is required.

25. Denied as stated. The term "supposed" in paragraph 34 is vague and ambiguous, and therefore, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, denies same.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, denies same.

27. Admitted.

28. The averments of paragraph 28 constitute conclusions of law to which no responsive pleading is required. To the extent the averments of this paragraph constitute factual allegations, they are denied.

29. The averments of paragraph 29 constitute conclusions of law to which no responsive pleading is required. To the extent the averments of this paragraph constitute factual allegations, they are denied.

30. The averments of paragraph 30 constitute conclusions of law to which no responsive pleading is required. To the extent the averments of this paragraph constitute factual allegations, they are denied.

31. The averments of paragraph 31 constitute conclusions of law to which no responsive pleading is required. To the extent the averments of this paragraph constitute factual allegations, they are denied.

32. The averments of paragraph 32 constitute conclusions of law to which no responsive pleading is required. To the extent the averments of this paragraph constitute factual allegations, they are denied. By way of further answer, compensatory damages are not recoverable under the claim asserted by Plaintiff.

33. The averments of paragraph 33 constitute conclusions of law to which no responsive pleading is required.  To the extent the averments of this paragraph constitute factual allegations, they are denied.  By way of further answer, only equitable remedies are available under the claim asserted by Plaintiff.

## COUNT II

## (PHRA)

### Defendants Transportation Technologies, Inc. and Wabash Investments, Inc.

34. Defendant hereby incorporated by reference paragraphs 1 through 33 inclusive contained in the foregoing Answer as though fully set forth herein.

35. The averments of paragraph 35 constitute conclusions of law to which no responsive pleading is required.  To the extent the averments of this paragraph constitute factual allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, denies same.

36. The averments of paragraph 36 constitute conclusions of law to which no responsive pleading is required. To the extent the averments of this paragraph constitute factual allegations, they are denied.

37. The averments of paragraph 37 constitute conclusions of law to which no responsive pleading is required.  To the extent the averments of this paragraph constitute factual allegations, Defendants is without knowledge or information sufficient to form a belief as to the averments of this paragraph and, therefore, denies same.

## PRAYER FOR RELIEF

38. Defendant hereby incorporates by reference paragraphs 1 through 42 inclusive contained in the foregoing Answer as though fully set forth herein.

WHEREFORE, Defendant Transportation Technologies, Inc. demands judgment in its favor and against Plaintiff as to all counts of the Complaint, all at Plaintiff's cost, together with any and all other relief deemed appropriate by the Court.

## JURY DEMAND

Neither claim asserted by Plaintiff provides the right to a jury. Defendant demands a bench trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over some or all of the claims asserted by Plaintiff's Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims in whole or in part are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to mitigate her damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint exceeds the scope of her Charge of Discrimination filed with the EEOC and PHRC.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the equitable doctrines of latches, waiver and estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the damages complained in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant has no knowledge or means of ascertaining the truth or falsity of the averments concerning the suffering, inconvenience, mental anguish, loss of employment of life and all other damages alleged to have been sustained by Plaintiff and Defendant accordingly denies same and demands strict proof thereof at the trial of this case.

### NINTH AFFIRMATIVE DEFENSE

It is alleged that at all times concerned with this litigation, Defendant acted in a manner which is proper, reasonable, lawful and in exercise of good faith.

### TENTH AFFIRMATIVE DEFENSE

It is alleged that at all times concerned with this litigation, Plaintiff was treated by Defendant in a proper and lawful manner and in exercise of good faith.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, sufferings and/or damages, if any, were caused by her own conduct and not by any violation of her rights.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that they did not discriminate against the Plaintiff on the basis of her association with a disabled or handicapped individual.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that it did not have a duty to reasonably accommodate Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that at all times relevant hereto it did not maintain an employee benefit plan for medical insurance.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that Plaintiff was not qualified to perform her job as defined under the Pennsylvania Human Relations Act.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant asserts every defense available to them under Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant asserts every defense available to them under the Employment Retirement Income Security Act, 29 U.S.C. § 1001, et seq.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that Plaintiff never qualified for health benefits during the course of her employment with Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to properly notify her employer of problems she experienced in the workplace, if any, and failed to avail herself of the employer's resources to address problems in the workplace.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff suffered no injuries as a result of the acts or omissions by Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies and/or has failed to file timely charges with the appropriate administrative agencies.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for pain and suffering, humiliation, and mental anguish is barred by Pennsylvania's Workers Compensation Act, which provides the exclusive remedy.

## TWENTIETH-THIRD AFFIRMATIVE DEFENSE

Defendant intends to rely on or assert such other defenses which may become available or apparent during the course of discovery in this case, and Defendant expressly reserves the right to amend this Answer to assert any and all such defenses.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not able to establish a *prima facie* case of benefit discrimination or discrimination based on association with a disabled or handicapped individual.

WHEREFORE, having answered Plaintiff's Complaint, defendant requests that the Complaint be dismissed in its entirety with prejudice, and request this Court grant Defendant

costs, and attorneys' fees incurred in this action and further relief as the Court deem just and proper.

                                                                                              _____
James F. Kilcur, Esquire
Attorney I.D. 23768
David L. Hackett, Esquire
Attorney I.D. 80365
SAUL EWING LLP
1500 Market Street
Centre Square West, 38th Floor
Philadelphia, PA  19102
(215) 972-7777

Attorneys for Defendant
Transportation Technologies, Inc.

Dated: September 18, 2002

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 18, 2002 a copy of the foregoing Answer and Affirmative Defenses of Defendant Transportation Technologies, Inc. to Plaintiff's Complaint was served upon the following parties in the manner set forth below:

>Sidney L. Gold
>Kevin I. Lovitz
>Lovitz & Gold, P.C.
>Eleven Penn Center
>1835 Market Street
>Suite 515
>Philadelphia, PA  19103
>**via First Class Mail**

_____
David L. Hackett

Dated: September 18, 2002